Timothy WEILER, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of Social Security Administration, Defendant–Appellee.

No. 99–16978.
D.C. No. CV–98–03872–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 2, 2001.

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Appellant Timothy Weiler ("Weiler") was employed as an independent delivery route driver for the *Daily Review* until he injured his back and neck in a fall from a golf cart. Weiler claims that his injuries caused him debilitating back pain and resulted in his becoming depressed. He initially received disability benefits from the state of California. When those benefits ran out, he filed for Supplemental Security Income benefits. The Social Security Administration denied his claim. Weiler then requested a hearing before an ALJ, during which he stated that he had returned to work at the *Daily Review* on January 1, 1996 but that he could not work without assistance.

■ The ALJ denied benefits, and the district court found that the ALJ's decision was supported by substantial evidence. We review the district court's decision *de*

novo, limiting our review to the determination of whether "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999).

1. *Claim for Disability Benefits Before January 1, 1996.*

■ The ALJ found that while Weiler's back disorder created a "severe" impairment, several medical reports indicated that Weiler was able to engage in alternate sedentary work, including work as a parking lot or gas station attendant. Weiler argues that his physical impairment "meet[s] or equal[s]" a listed impairment under 20 C.F.R. § 416.920(d), and that he is thus disabled even if alternate work is available to him. The ALJ, however, found that Weiler did not show all of the symptoms required by the relevant physical impairment listing. We hold that substantial evidence supported the ALJ's finding.

Weiler also argues that his depression could, on its own, meet or equal a listed impairment. We find that the ALJ's determination that Weiler's depression was not "severe" was supported by substantial evidence. Finally, Weiler argues that the ALJ erred by not considering the combination of his back problems and depression. *See Lester v. Chater,* 81 F.3d 821, 828–29 (9th Cir.1996). The ALJ considered this possibility when he considered the report of an independent psychiatrist who found that Weiler could "do detailed and complex tasks" and had no symptoms that "would prevent him from maintaining regular work attendance." Given this report, we find it hard to see how Weiler's mental impairment would combine with his back problems to create a combined im-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

pairment of increased severity. None of Weiler's physicians asserted anything to the contrary.

■ The Commissioner had the burden of proving that Weiler had sufficient residual functional capacity to perform work other than his job as a delivery person. *See Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir.1996). The burden to prove the existence of other jobs that Weiler could perform was also upon the Commissioner. *See Tackett*, 180 F.3d at 1099. Here, the Commissioner carried the burden through the testimony of a vocational expert (VE) in response to a hypothetical that set out all of Weiler's vocational limitations and restrictions. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995). The expert identified two jobs which he believed that Weiler could perform and testified that such jobs did exist in the Bay Area and in the national economy. Weiler argues that the employment opportunities the VE described would not accommodate his physical needs because he would be unable to work at his own pace, to take breaks to walk around, or to elevate his legs. We hold that the ALJ had substantial evidence on which to base his hypothetical.

2. *Claim for Disability Benefits After January 1, 1996.*

■ The ALJ ruled that Weiler was ineligible to receive disability benefits after he returned to work at the *Daily Review* because that work constituted substantial gainful activity ("SGA") under Social Security regulations. Weiler testified that he had been earning $200–400 a week delivering newspapers since January 1, 1996, an amount sufficient to result in a presumption that he was engaged in SGA. *See* 20 C.F.R. § 416.974(b)(2). Substantial evidence in the record supports the ALJ's determination that Weiler did not rebut this presumption.

While Weiler correctly notes that a person who cannot maintain his earnings without the uncompensated assistance of others is not engaged in SGA, his only "special condition" appears to be that he obtained the assistance of his father in lifting newspapers and placing them into his car. *See Rosin v. Secretary of Health, Education and Welfare*, 379 F.2d 189, 194 (9th Cir.1967); *see also* 20 C.F.R. 404.1574(a). This limited assistance is not sufficient to rebut the presumption that Weiler engaged in SGA.

AFFIRMED.

